NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODNEY GREEN, Sr., Plaintiff-Appellant, v. MERCY HOUSING, INC.; et al., Defendants-Appellees. | Nos. 20-15134 20-15358 D.C. No. 3:18-cv-04888-WHA MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted March 2, 2021
San Francisco, California

Before: BALDOCK,[**] WARDLAW, and BERZON, Circuit Judges.

Rodney Green, Sr. appeals the grant of summary judgment to Mercy

Housing on his claims of race- and disability-based discrimination under the Fair

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Bobby R. Baldock, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Housing Act, 42 U.S.C. § 3604 *et seq.*, and related statutes.[1]  We affirm in part,

reverse in part, and remand for further proceedings.  We vacate the district court's

grant of costs to Mercy Housing in an accompanying opinion.

1.  The district court erred in granting summary judgment to Mercy Housing

on Green's parking claim.  According to Evelyn Singh, the East Leland Court

property manager, Green requested an accessible parking space before he moved in

but never made any further requests for accommodation.  Green asserts that he

continued to request a more accessible parking space after he moved into his unit.

Accessible parking is necessary to afford mobility-impaired tenants equal

opportunity to use and enjoy their homes.  *United States v. Cal. Mobile Home Park*

*Mgmt. Co.*, 29 F.3d 1413, 1418–19 (9th Cir. 1994); 24 C.F.R. § 100.204(b).  The

record indicates that accommodation in the form of a more accessible parking

space may have been possible, because parking spaces existed that were closer to

Green's unit.  If Green did request an accessible parking space other than the space

---

[1] Green brings claims under the California Fair Employment and Housing Act, Cal. Gov't Code § 12900 *et seq.*, and the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*.  We "apply the same standards to FHA and FEHA claims." *Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1156 n.14 (9th Cir. 2013) (quoting *Walker v. City of Lakewood*, 272 F.3d 1114, 1131 n.8 (9th Cir. 2001)). As the Unruh Act is "coextensive" with the Americans with Disabilities Act, *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1175 n.2 (9th Cir. 2021), it is analyzed under the same framework as the FHA's reasonable accommodation provisions, *Giebeler v. M&B Assocs.*, 343 F.3d 1143, 1149 (9th Cir. 2003).  We therefore discuss all of Green's claims under the rubric of the FHA.

allotted to him, then the burden would fall on Mercy Housing to show that a more accessible parking space was not a reasonable accommodation. *Giebeler*, 343 F.3d at 1157.

Mercy Housing has not met this burden. On appeal, Mercy Housing argues only that it did not control the parking spaces leased to First Baptist Head Start and that Green had access to the tenant parking spaces closest to his unit. But Mercy Housing has not shown that *no* accommodation of Green's accessible-parking need is reasonable. The record is somewhat vague as to the number and location of visitor parking spaces. Mercy Housing has not disputed that a visitor space would be an accessible one for Green, and has provided no explanation as to why allowing Green to use one would not be reasonable. Nor is it possible to discern from the record whether other accommodations aside from assigning one of the Head Start spaces to Green—for example, adding parking space or assigning Green one of the spaces reserved for Mercy Housing employees—would have been reasonable. As genuine disputes of material fact remain as to Green's parking claim, we reverse the grant of summary judgment. *See Christian v. Umpqua Bank*, 984 F.3d 801, 808 (9th Cir. 2020) (citing *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1033 (9th Cir. 2005)).

2. The district court did not err in granting summary judgment to Mercy Housing on Green's in-home care claim. Green does not contend that Mercy

Housing has denied him access to *any* in-home care, nor has Green shown that in-home care provided by Elijah, specifically, is necessary to afford him equal opportunity to enjoy his home. *See Giebeler*, 343 F.3d at 1155. We therefore affirm the grant of summary judgment as to Green's second reasonable accommodation claim.

3. The district court erred in granting summary judgment to Mercy Housing on Green's racial discrimination claim. Green argues that racial animus motivated the issuance of the December 2017 sixty-day notice; he does not contest his ultimate 2018 eviction. Green has produced sufficient "direct or circumstantial evidence" of a discriminatory motive to survive summary judgment. *Pac. Shores Props.*, 730 F.3d at 1158 (quoting *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004)).

Green states that Evelyn Singh, the East Leland Court property manager, made racist comments about Black tenants[2] and accused Elijah of being a "gangster drug dealer." The only evidence in the record supporting that characterization of Elijah are: (1) statements by Singh that another Mercy Housing employee, Jaymie Lenz, told Singh she had seen two men—neither of whom Lenz

---

[2] Singh vigorously denies that she made any such comments.

4

identified as being Elijah Green—in a car "smoking marijuana,"[3] (2) that Singh herself thought she had seen Elijah Green smoking marijuana another time, but when she approached him she "did not smell anything"; and (3) Singh once "observed what I believed was a drug sale involving Elijah Green on the East Leland property," but the record contains no details as to what Singh saw, why she "believed" it was a drug sale, or how Elijah Green was "involv[ed]." An absence of competent evidence of Elijah's alleged criminal activity would allow the inference that racial stereotyping played a role in Singh's characterization of Elijah.

Singh's statements are likely admissible under Fed. R. Evid. 801(d)(2)(D), because a jury could conclude that Singh is an agent of Mercy Housing and that these statements relate to a matter within the scope of her employment. *See Harris v. Itzhaki*, 183 F.3d 1043, 1054 (9th Cir. 1999). Evidence of a single discriminatory comment is sufficient to preclude summary judgment on a disparate treatment claim. *Dominguez-Curry*, 424 F.3d at 1039 (considering disparate treatment in the Title VII context). Furthermore, the evidence of Green's alleged lease violations underlying the December 2017 sixty-day notice—most notably

---

[3] Singh later that day saw the car Lenz described parked elsewhere on the property and learned afterwards that one of the people in the car when she saw it was Elijah Green. Singh apparently assumed the same people had been in the car earlier, but the record contains no basis for the assumption.

those concerning Elijah's alleged criminal activity—is sufficiently inconclusive to create a genuine issue of material fact as to whether a "discriminatory purpose was . . . a 'motivating factor'" in the issuance of the notice. *Ave. 6E Invs., LLC v. City of Yuma*, 818 F.3d 493, 504 (9th Cir. 2016) (quoting *Arce v. Douglas*, 793 F.3d 968, 977 (9th Cir. 2015)). We therefore reverse the grant of summary judgment as to Green's race-based discrimination claim and remand for further proceedings.

4. As Green's request for a continuance did not "set forth in affidavit form the specific facts [he] hope[d] to elicit from further discovery" as required by Fed. R. Civ. P. 56(d), the court did not abuse its discretion in denying the request. *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Nor did the district court err in failing to rule on the merits of Green's discovery motion filed seven days after the discovery deadline. *See Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006).

5. We address the question of costs in an accompanying opinion.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.